UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CORTELL D. LOCKETT, | | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 1:24-CV-326-TLS-AZ |
| JACKSON, et al., | | |
| Defendants. | | |

**OPINION AND ORDER**

Cortell D. Lockett, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Lockett is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Lockett's complaint is in places difficult to follow, but it can be discerned that he is a pretrial detainee at the Grant County Jail. Giving his pleading liberal construction, he alleges that

on May 16, 2024, he was beaten by another inmate named Jaleel Smith.[1] It appears he was then separated from Mr. Smith, but on June 12, 2024, he learned he was going to be transferred to another cellblock. Deputy Burkett (first name unknown) escorted him to a cell in cellblock 4A, and upon their arrival he told her he "didn't want to go in" because Mr. Smith was there and he was supposed to be separated from him due to their prior interactions. She allegedly told him—using expletives—that she did not care and he had to go in that cell. He complied. As best as can be discerned, he was assaulted again by Mr. Smith suffering "blood loss" and emotional injuries. He claims there was a list at the jail indicating that he should be separated from Mr. Smith, but Deputy Burkett and Deputy Cook (first name unknown), who was also on duty the date of his transfer, did not check the list before moving him. He also claims that after the attack he asked Corporal Jackson and Lieutenant Persinger (first names unknown) why he had been placed with Mr. Smith again, and they allegedly told him to "shut up" and made other rude comments.

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (cleaned up). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (cleaned up). This includes a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). As outlined by the Seventh Circuit:

> [T]o state a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in

---

[1] Mr. Lockett filed a separate lawsuit about the May 16 incident, and the Court does not understand him to be raising any claim about that incident here. *See Lockett v. Garcia, et al.*, No. 1:24-CV-297-JD-SLC (N.D. Ind. filed July 18, 2024).

> the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (citation omitted). "The third element requires an allegation that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (cleaned up). "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* (citations omitted). In determining whether an action was reasonable, a court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

Giving him the inferences to which he is entitled at this stage of the litigation, Mr. Lockett plausibly alleges a Fourteenth Amendment claim against Deputy Burkett. He claims that he placed her on specific notice of a risk to his safety posed by Mr. Smith if he were moved to cellblock 4A, but she brushed off his concern and he was later attacked by this inmate. He further claims there was documentation available to her showing that he was supposed to be separated from Mr. Smith, but she allegedly failed to check it even after he alerted her to the problem. He will be permitted to proceed against Deputy Burkett on a claim for damages.

As for Deputy Cook, his only involvement as described in the complaint was that he was on duty the day of Mr. Lockett's transfer to cellblock 4A and had access to documentation showing that he should not be housed with Mr. Smith. However, there is insufficient factual content from which the Court could plausibly infer that Deputy Cook was involved with, or even aware of, Mr. Lockett's transfer. Unlike Deputy Burkett, Mr. Lockett does not allege that he made Deputy Cook specifically aware of a risk to his safety that the officer disregarded. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that

3

something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Furthermore, liability under 42 U.S.C. § 1983 is based on personal responsibility, and Deputy Cook cannot be held liable for the "misdeeds" of Deputy Burkett or some other jail employee. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This defendant will be dismissed.

That leaves Corporal Jackson and Lieutenant Persinger. According to the complaint, their involvement came after the fact when Mr. Lockett asked them why he had been placed with Mr. Smith a second time. There is insufficient factual content from which the Court could plausibly infer that they were involved in the decision to transfer Mr. Lockett to cellblock 4A or that they otherwise made an intentional decision that put him "at substantial risk of suffering serious harm." *Thomas*, 39 F.4th at 841. The fact that they were allegedly rude or uncaring when Mr. Lockett tried to discuss the incident with them does not state a Fourteenth Amendment claim. *See id.*; *see also Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners."). These defendants will be dismissed.[2]

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Deputy Burkett (Badge #1350) in her personal capacity for money damages for failing to protect him in violation of the Fourteenth Amendment when she placed him with an inmate he told her posed a danger to him, after which he was attacked by this inmate;

---

[2] The Court notes that the complaint mentions other issues about Mr. Lockett's detention, including a lack of religious services and clean laundry, but it is not clear if he intended to sue about these issues. He has not provided enough information for the Court to infer that he has a plausible constitutional claim related to these issues, nor is it clear that these issues involve the same defendants and are sufficiently related to his failure-to-protect claim to proceed in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If the Court has misunderstood him, he may file an amended complaint.

(2) DISMISSES all other claims;

(3) DISMISSES Jackson, Persinger, and Cook as defendants;

(4) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Burkett (Badge #1350) at the Grant County Jail and to send her a copy of this Order and the Complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Grant County Sheriff's Office to provide the United States Marshals Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Deputy Burkett to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 4, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT