UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CORTELL D. LOCKETT,

    Plaintiff,

    v.    CAUSE NO.: 1:24-CV-326-TLS

BURKETT,

    Defendant.

**OPINION AND ORDER**

    Cortell D. Lockett, a prisoner without a lawyer, is proceeding in this case against Deputy Kamrynn Burkett "in her personal capacity for money damages for failing to protect him in violation of the Fourteenth Amendment when she placed him with an inmate he told her posed a danger to him, after which he was attacked by this inmate." ECF No. 7 at 4. Specifically, Lockett alleged in his complaint that on June 12, 2024, Deputy Burkett moved him to Cellblock 4A where he assaulted by an inmate named Jaleel Smith, who he was supposed to be kept separate from. *Id.* at 2. On August 22, 2025, Deputy Burkett filed a motion for summary judgment arguing she did not violate Lockett's Fourteenth Amendment rights. ECF No. 65. With the motion, Deputy Burkett provided Lockett the notice required by Northern District of Indiana Local Rule 56-1(a)(4). ECF No. 68. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. *Id.*

    Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within twenty-eight days after the movant serves the motion, separately file (1) a response brief and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. On October 8, 2025, the Court extended Lockett's deadline to respond to November 28, 2025. ECF No. 70. This extended deadline passed over a month ago, but Lockett

still has not responded to Deputy Burkett's summary judgment motion. Therefore, the Court will now rule on Deputy Burkett's summary judgment motion. *See* N.D. Ind. L.R. 7(d)(5) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline.").

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Substantive law determines which facts are material, that is, which facts might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson*, 477 U.S. at 248. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (cleaned up). However, the "Fourteenth

Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (cleaned up). This includes a right to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022) (citation omitted). To establish a viable failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must provide evidence that:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). The third element requires evidence "that a specific defendant was on notice of a serious risk of harm to the detainee." *Id.* (cleaned up). Put another way, the detainee must prove "that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Id.* In determining whether an action was reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted).

Deputy Burkett provides an affidavit from herself, in which she attests to the following facts:[1] In June 2024, Deputy Burkett was working as the main deputy on the second floor of the Grant County Jail. ECF No. 65-3 at 1. Lockett was incarcerated in a single cell on the second floor. *Id.* at 1–2. Each inmate in the Grant County Jail has a "no mix" list of other inmates they should be kept away from. *Id.* at 2. Each day, jail deputies determine where an inmate will spend

---

[1] Because Lockett has not responded to Deputy Burkett's summary judgment motion, the Court accepts Deputy Burkett's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

his "hour out," during which he is allowed to make a phone call, take a shower, or go to another cellblock. *Id.* It is the practice of jail deputies to check the "no mix" list each time they move an inmate to ensure the inmate is not being moved to a cellhouse with an inmate on his "no mix" list. *Id.* In the summer of 2024, the jail got a new software system that caused some glitches when it first was implemented. *Id.*

On June 12, 2024, Deputy Burkett was in charge of determining where Lockett should spend his "hour out." *Id.* Before moving Lockett for his "hour out," Deputy Burkett checked the "no mix" list on the jail's new software system, which showed Lockett had "no mixes" for every cellblock in the jail except for (1) the second floor where he was housed and (2) Cellblock 4A. *Id.* Deputy Burkett escorted Lockett to Cellblock 4A for his "hour out." *Id.* at 2–3. When they arrived at Cellblock 4A, Deputy Burkett checked the "no mix" list on a different computer, and saw for the first time that Lockett had a "no mix" for inmate Jaleel Smith, who was housed in Cellblock 4A. *Id.* at 3. At that time, Deputy Burkett moved Lockett back to the second floor. *Id.* For the limited amount of time Lockett was in Cellblock 4A on June 12, all other inmates in the cellblock were locked in their cells while Lockett was in the cellblock's common area. *Id.* There was no physical altercation between Lockett and any other inmate for the limited amount of time Lockett was in Cellblock 4A's common-area, and Lockett was not physically injured in any way during the short time he was in Cellblock 4A. *Id.*

Here, as discussed above, Lockett can only survive summary judgment if he provides evidence showing that Deputy Burkett: (1) made an intentional decision that put him at substantial risk of serious harm; (2) did not take available measures to abate that risk; and (3) by not taking such measures, caused Lockett's injuries. *See Thomas*, 39 F.4th at 841. Lockett has not met any of these elements. First, it is undisputed that Lockett was only held in Cellblock 4A's common area for a short period of time, all other inmates in the cellblock were locked in

4

their cells during that short period of time, and Lockett was not in any physical altercations during the short period of time he was in Cellblock 4A. Therefore, putting Lockett in Cellblock 4A's common area for a short period of time while the other inmates were locked in their cells did not put him at a "substantial risk of serious harm." *See id.* Second, it is undisputed that Deputy Burkett checked the "no mix" list before transporting Lockett to Cellblock 4A, checked the "no mix" list again once they arrived at Cellblock 4A, and returned Lockett to the second floor once she realized he had a "no mix" on Cellblock 4A. This shows Deputy Burkett took reasonable available measures to abate the risk posed to Lockett, which in fact were successful at preventing any harm to Lockett. *See id.* And third, it is undisputed Lockett was not physically injured in any way from his placement in Cellblock 4A on June 12, meaning Deputy Burkett's conduct did not cause Lockett any injuries. *See id.* Because Lockett has not provided any evidence showing that Deputy Burkett (1) made an intentional decision that put him at substantial risk of serious harm, (2) did not take available measures to abate that risk, or (3) caused his injuries, summary judgment is warranted in favor of Deputy Burkett in this case.

For these reasons, the Court hereby

(1) GRANTS Deputy Burkett's motion for summary judgment [ECF No. 65];

(2) DIRECTS the Clerk of Court to enter judgment in favor of Deputy Burkett and against Cortell D. Lockett with the Plaintiff Cortell D. Lockett taking nothing by his complaint; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on January 12, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT